United States District Court
Middle District of Florida
Jacksonville Division

**EDWIN TERRY WINFORD,**
    *Plaintiff,*

v.                                                                   **NO. 3:16-CV-816-J-34PDB**

**BENFORD SAMUEL,**
    *Defendant.*

---

**EDWIN TERRY WINFORD,**
    *Plaintiff,*

v.                                                                   **NO. 3:16-CV-818-J-34PDB**

**BRIDGEFIELD CASUALTY INSURANCE COMPANY,**
    *Defendant.*

---

## Report & Recommendation

Without a lawyer and proceeding in forma pauperis under 28 U.S.C. § 1915, Edwin Winford is suing a lawyer (Benford Samuel) and an insurance company (Bridgefield Casualty Insurance Company) for fraud, negligence, interference with medical care, and violation of worker's compensation laws in connection with a state civil proceeding. *See* Doc. 1 in *Winford v. Samuel*, 3:16-cv-816-J-34PDB; Doc. 1 in *Winford v. Bridgefield Casualty Insurance Company*, 3:16-cv-818-J-34PDB.

In *Winford v. Samuel*, Mr. Winford alleges the following (all caps omitted; typographical errors in original):

> Fraud upon the court. attorney knew he wasn't the attorney of record because attorney Ralf Humphrie had just became the attorney record when Robert E Williams stop. Attorney Humphries never withdraw and never noticefy me and legally he could not he became a judge. Attorney Benford knew of fraud but ask the court for protection. And the settle was fraud see letter of credit 675.109 tranfer of power. Breach of the worker compensation laws. I will provide all evidence to the clerk
>
> …
>
> I suffer mentally and phycally and still do, they fraud practice has stop my productive way of life. They have brken laws and the constitution. Due process was deny become of the bad business prctices and more, I want the court to right the wrong that have been done to me.

Doc. 1 ¶¶ I, VII in *Samuel*.

In *Bridgefield*, Mr. Winford alleges the following (all caps omitted; typographical errors in original):

> questional practice-fraud .ch440.105-S … 775.082 … 775.083CH.440-624.301(5) questional practice Ch.440.13(d)- improper medical care disallowance doctor to properly treat s440.185. Keep chaning the doctor for a their benefits. Tampering with the doctors. Owe 13 weeks of back payment and 13 hourly as a truck drive. They don't have an attorney of record because the attorney became a judge and never withdraw from the case legally as judge he can't Honorable Ralph J. Humphries. This is negligent I ask for punitive fine and penties. And cause me to suffering over 2year homeless and I had a break down my hand was cut open. I could properly take care of my self.
>
> …
>
> Improper medical treatme. Fraud the Department of Tresure has comfirm that fraud happen.

Doc. 1 ¶¶ I, VI in *Bridgefield*.

In each complaint, Mr. Winford requests $10 million. Doc. 1 ¶ VIII in *Samuel*; Doc. 1 ¶ VIII in *Bridgefield*.

In October 2016, Mr. Winford filed a motion asking the Court to close both cases. Doc. 7 in *Samuel*; Doc. 10 in *Bridgefield*. The Court granted the motions. Doc. 8 in *Samuel*; Doc. 11 in *Bridgefield*. He later clarified that he had not intended to have the cases closed, and the Court reopened them. Doc. 14 in *Samuel*; Doc. 17 in *Bridgefield*. At the Court's direction, he filed amended in-forma-pauperis applications, which the Court granted based solely on a finding he is financially eligible. Doc. 34 in *Samuel*; Doc. 24 in *Bridgefield*.

In granting the IFP applications, the Court explained the applicable pleading rules and standards and observed Mr. Winford's complaints, "comprising just one or two substantive paragraphs each, are short but not plain; the bases for his claims against Benford Samuel and Bridgefield Casualty Insurance Company are unclear." Doc. 34 at 2 in *Samuel*; Doc. 24 at 2 in *Bridgefield*. The Court explained:

> The allegations against Mr. Samuel appear to have little to do with Mr. Samuel. Instead, they reference lawyers who made appearances or tried to withdraw from representing an unidentified party in an unidentified case and an allegedly fraudulent settlement that violates worker's compensation laws. The only allegation against Mr. Samuel appears to be that he knew about the alleged fraud and asked the court for protection. Exhibits attached to the complaint do not clarify things. The allegations fail to show Mr. Winford is entitled to relief.
>
> The allegations against Bridgefield are similarly deficient. Besides referencing Florida Statutes and claiming "fraud" and "questiona[ble] practice[s]," the allegations claim someone tampered with doctors, "they" (presumably Bridgefield) "don't have an attorney of record because the attorney became a judge and never withdr[e]w from the case legally," he received "improper medical treatme[nt]," he is entitled to 13 weeks of back pay, the conduct was negligent, and the conduct has caused him to be homeless for two years and have a "break down." Exhibits attached to the complaint do not clarify things. The allegations fail to show Mr. Winford is entitled to relief.

3

Doc. 34 at 3 in *Samuel*; Doc. 24 at 3 in *Bridgefield*. The Court directed him to file an amended complaint in each case by September 29, 2017, "or risk dismissal without further proceedings based on failure to prosecute." Doc. 34 at 4 in *Samuel*; Doc. 24 at 4 in *Bridgefield*.

Mr. Winford has not filed an amended complaint in either case or asked for more time, and the time for filing an amended complaint passed months ago.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a case for failure to prosecute. "Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978); *see also West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014) ("[I]t is well-established that a district court has the power to manage its own docket, which includes the inherent power to dismiss an action for failure to prosecute or for failure to obey a court order."). A court may impose a dismissal with prejudice for failure to prosecute only if there is a "clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) (quoted authority omitted).

Under 28 U.S.C. § 1915(e)(2), a court "shall" dismiss an action by a plaintiff proceeding IFP if at any time the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To decide if a pro se IFP complaint fails to state a claim on which relief may be granted, a court must construe the complaint liberally and apply the Federal Rule of Civil Procedure 12(b)(6) standards.[1] *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[1]Though a court must hold a pleading drafted by a pro se litigant to a less stringent standard than one drafted by a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262,

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal under Rule 12(b)(6), it must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Mr. Winford has not complied with the Court's orders directing him to file amended complaints to correct deficiencies despite a warning that failure to comply could result in dismissal of his cases without further proceedings. Doc. 34 in *Samuel*; Doc. 24 in *Bridgefield*. As a result, his complaints remain deficient; they lack clarity and include no factual allegations that, accepted as true, state plausible claims against Samuel and Bridgefield.

I recommend **dismissing** the cases for failure to comply with the Court's order or otherwise prosecute the case[2] and for failure to state a claim on which relief may

---

1263 (11th Cir. 1998), a pro se litigant is expected to follow the procedural rules; "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law," *McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoted authority omitted). And although a court must treat a pro se pleading leniently, the court cannot rewrite a deficient pleading for him or otherwise serve as de facto counsel. *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

[2]Under Local Rule 3.10, if it appears a plaintiff is not diligently prosecuting his case, "the Court may … enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." In written objections to this report and recommendation, Mr. Winford may show cause why these cases should not be dismissed for failure to prosecute.

be granted.[3] With no clear record of delay or contumacious conduct and no previous amendment, I recommend dismissing the cases **without prejudice**.

**Entered** in Jacksonville, Florida, on April 5, 2018.

                                                  PATRICIA D. BARKSDALE
                                                  *United States Magistrate Judge*

c:      The Honorable Marcia Morales Howard

        Edwin Terry Winford
        P.O. Box 350424
        Jacksonville, Florida 32235

---

[3]"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.